_____FILED _____ENTERED
_____LOGGED _____RECEIVED

JUL 22 2008

AT GREENBELT
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **THOMAS SWINNEY** | * | |
| Petitioner | * | |
| v. | * | Civil No. PJM 07-2144 |
| | * | (Criminal No. PJM 05-0179) |
| **UNITED STATES** | * | |
| Respondent | * | |

## MEMORANDUM OPINION

Thomas Swinney pled guilty to conspiracy to possess with intent to distribute 5 kilograms or more of cocaine in violation of 21 U.S.C. § 846 and was sentenced to 57 months of incarceration, followed by five years of supervised release. Swinney has filed a *pro se* Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, requesting that the Court credit the time he spent on home confinement prior to sentencing towards the completion of his sentence.

Having considered Petitioner's Motion and the Government's Response, the Court **DENIES** Petitioner's request.

### I.

As part of his plea agreement, Swinney stipulated that he worked as a narcotics supplier for the Lester Fletcher drug organization.

On April 27, 2005, shortly after his arrest and arraignment, Swinney was released under Pretrial Services supervision into the custody of his wife and placed on home detention with electronic monitoring on 24-hour lockdown. The conditions of his release were subsequently

modified to allow Swinney to attend religious services, change his residence, and accompany his daughter to the bus stop. Swinney remained on home detention until he surrendered, according to the terms of his sentence, on or about August 24, 2006.

## II.

In his § 2255 Motion, Swinney requests credit toward service of his sentence for the 16 months he spent on restrictive home confinement.[1] He argues that, under 18 U.S.C. § 3585(b), credit must be given for any time spent in official detention. He contends that *United States v. Londono-Cardona*, 759 F. Supp. 60 (D.P.R. 1991), which held that time spent on 24-hour house arrest should be credited, is controlling and attempts to distinguish *United States v. Phipps*, 68 F.3d 159 (7th Cir. 1995), which held that home confinement does not count toward a sentence of imprisonment, by arguing that his period of confinement was more restrictive.

The Government submits that credit for time spent on home confinement is not required by 18 U.S.C. § 3585(b), pointing out that, under the Sentencing Guidelines, "imprisonment" is viewed as incarceration or time spent in a penitentiary. *See Phipps*, 68 F.3d at 162; *see also United States v. Swigert*, 18 F.3d 443, 445-46 (7th Cir. 1994). The Court agrees with the Government that credit for time spent on home confinement is not required by 18 U.S.C. § 3585(b)

## III.

Under 18 U.S.C. § 3585(b), "[a] defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences[.]" The term "official detention," as used in § 3585(b), has generally been

---

[1] Swinney made an identical request by letter dated March 15, 2007 which was also denied by the Court.

interpreted to mean either actual incarceration or conditions approaching incarceration. *See, e.g., Mills v. Taylor*, 967 F.2d 1397, 1400 (9th Cir 1992) ("[W]hen conditions of release approach those of incarceration, a person is in 'official detention' for purposes of section 3585."); *See also United States v. Figueroa*, 828 F.2d 70, 70 (1st Cir. 1991) (per curiam) ("in the vernacular of § 3568 [the predecessor to § 3585], 'custody' means 'imprisonment' or some comparable institutional 'confinement'"). Using a comparative approach, several Circuits held that home confinement prior to trial did not qualify as "official detention" that could be credited towards the completion of a sentence. *See Edwards v. United States*, 41 F.3d 154, 156 (3d Cir. 1994) (denying habeas petition for sentence credit for pre-trial home confinement); *Fraley v. U.S. Bureau of Prisons*, 1 F.3d 924, 925-26 (9th Cir. 1993) (same); *United States v. Zackular*, 945 F.2d 423 (1st Cir. 1991) (same); *United States v. Insley*, 927 F.2d 185, 186 (4th Cir. 1991) (no credit for time spent on home confinement while on appeal bond).

However, in *Reno v. Koray*, 515 U.S. 50 (1995), the Supreme Court rejected the comparative approach as a fact-intensive inquiry and vague, adopting instead the Government's construction of § 3585(b) and the term "official detention" to refer "to a court order detaining a defendant and committing him to the custody of the Attorney General for confinement." 515 U.S. 50, 56, 64. The Supreme Court reasoned that § 3585, part of the Sentencing Reform Act of 1984, must be construed in conjunction with the Bail Reform Act of 1984 because it was enacted at the same time and "is the body of law that authorizes federal courts to place presentence restraints on a defendant's liberty." *Id.* at 56-57. "Thus, under the language of the Bail Reform Act . . . a defendant suffers 'detention' only when committed to the custody of the Attorney General; a defendant admitted to bail on restrictive conditions . . . is 'released.'" *Id.* at 57

(noting that under the Bail Reform Act, a court may only detain the defendant without bail or release him on bail, which can be subject to a variety of restrictive conditions).

While *Koray* specifically held that time spent at a community treatment center cannot be counted towards the completion of a sentence, other courts have found that home confinement and other forms of conditional release are similarly not creditable toward completion of a sentence of incarceration. *See, e.g., United States v. Phipps*, 68 F.3d 159, 161, 163 (7th Cir. 1995) (home detention not imprisonment under § 3585 or Sentencing Guidelines); *see also, United States v. Pray*, 373 F.3d 358, 362 (3d Cir. 2004) (collecting cases).

Finally, the Court notes that the decision in *United States v. Londono-Cardona*, 759 F. Supp. 60 (D.P.R. 1991), the case relied upon by defendant, is neither binding on this Court nor is it even valid law under the First Circuit any longer. The *Londono-Cardona* decision was abrogated by the First Circuit in *United States v. Zackular*, 945 F.2d 423, 425 n.2 (1st Cir.1991) (stating, in reference to *Londono-Cardona*, "[a] district court in this circuit has also held, with respect to a pretrial detainee, that time spent under house arrest, wearing an electronic bracelet, counts as official detention under section 3585 . . . We think the case was wrongly decided.")

## VI.

For the foregoing reasons, the Court **DENIES** Petitioner's Motion.

A separate order will ISSUE.

July 21, 2008

PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

-4-